|     |                                    |                              |
| --- | ---------------------------------- | ---------------------------- |
|     | UNITED STATES DISTRICT COURT       |                              |
|     | WESTERN DISTRICT OF WASHINGTON     |                              |
|     | AT SEATTLE                         |                              |

| THERESA M. FARAGE, | CASE NO. C18-0582JLR |
| --- | --- |
| Plaintiff, | ORDER GRANTING MOTION TO REMAND |
| v. | |
| UNITED SITE SERVICES INC., et al., | |
| Defendants. | |

## I. INTRODCUTION

Before the court is Plaintiff Theresa M. Farage's motion for remand. (MFR (Dkt. # 9).) The court has considered Ms. Farage's motion, all submissions filed in support of and opposition to the motion, other relevant portions of the record, and the applicable

//

//

//

ORDER - 1

1 | law. Being fully advised,[1] the court GRANTS the motion and REMANDS this case to
2 | state court.

## II. BACKGROUND

On March 30, 2018, Ms. Farage filed suit in Skagit County Superior Court for the State of Washington against Defendant United Site Service, Inc. ("USS"), her former employer. (*See* Compl. (Dkt. # 1-1) at 1.) She alleges employment discrimination and retaliation claims under the Washington State Law Against Discrimination ("WLAD"), RCW ch. 49.60, and Washington's common law prohibition against wrongful termination in violation of public policy. (*Id.* ¶¶ 4, 18-32.)

On April 20, 2018, USS removed the action to federal court on the basis of diversity jurisdiction under 28 U.S.C. §§ 1332, 1441. (*See generally* NOR (Dkt. # 1).) On the same day, USS filed its answer to Ms. Farage's complaint. (*See* Ans. (Dkt. # 3).) On May 14, 2018, Ms. Farage filed an amended complaint and added her former supervisor, Nick Meyer, as a defendant. (*See* FAC (Dkt. # 8).) Ms. Farage purported to file her amended complaint "as a matter of course" under Federal Rule of Civil Procedure 15(a)(1)(B). (*See id.* at 1 (citing Fed. R. Civ. P. 15(a)(1)(B)).)

On May 25, 2018, Ms. Farage filed a motion asking the court to remand her suit to state court. (*See* MFR.) Ms. Farage alleges that Mr. Meyer is a resident of Washington State. (FAC ¶ 4.) As a result, Ms. Farage asserts that complete diversity of citizenship

---

[1] No party requested oral argument (*see* MFR at 1; Resp. (Dkt. # 12) at 1), and the court considers oral argument to be unnecessary for its disposition of this motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

between the parties no longer exists and she is entitled to remand under 28 U.S.C. § 1447(e). (*See* MFR at 2 (citing 28 U.S.C. § 1447(e)).) USS opposes Ms. Farage's motion. (*See generally* Resp.) The court now considers whether to retain or remand Ms. Farage's lawsuit.

### III. ANALYSIS

The court first addresses that propriety of Ms. Farage's amended complaint, which she purported to file "as a matter of course" under Rule 15(a)(1)(B). (*See* FAC at 1.) Rule 15(a)(1)(B), in pertinent part, permits a party to amend a pleading "once as a matter of course . . . 21 days after service of a responsive pleading." Fed. R. Civ. P. 15(a)(1)(B). Ms. Farage's amended complaint was filed more than 21 days following USS's answer. (*See* Ans.; *see also* FAC.) Accordingly, she was not permitted to file her amended complaint "as a matter of course" under Rule 15(a)(1)(B). Instead, Ms. Farage should have sought USS's written consent or the court's leave prior to filing her amended complaint. *See* Fed. R. Civ. P. 15(a)(2) ("In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.").

The court, however, will construe Ms. Farage's motion for remand as a motion for leave to amend her complaint to add Mr. Meyer as a defendant as well. USS will suffer no prejudice because it addressed the propriety of Ms. Farage's amended complaint—both procedurally and substantively—in its response to her motion for remand. (*See* Resp. at 4-5.) Moreover, dismissing the complaint and requiring Ms. Farage to re-file her motion for remand as a motion for leave to amend her complaint would waste both the parties' and the court's time and resources. *See Palestini v. Gen. Dynamics Corp.*, 193

F.R.D. 654, 657 (S.D. Cal. 2000) (rejecting the argument that the court should deny the motion to remand simply because the plaintiffs filed their first amended complaint without first seeking the court's leave and reasoning that it would inefficient to dismiss the amended complaint and then require the plaintiffs to reargue the issue by way of a motion to amend).

Ms. Farage argues that the court should remand this action because she seeks to amend her complaint to name an additional defendant who destroys diversity jurisdiction under 28 U.S.C. § 1332(a)(1). (MFR at 2-3.) Although motions to amend a complaint are ordinarily governed by Rule 15(a), Ms. Farage's request to add a non-diverse defendant following removal is governed by 28 U.S.C. § 1447(e). *Raifman v. Wachovia Sec., LLC*, No. C 11-02885 SBA, 2012 WL 1611030, at *1 (N.D. Cal. May 8, 2012); *Greer v. Lockheed Martin*, No. CV 10-1704 JF HRL, 2010 WL 3168408, at *4 (N.D. Cal. Aug. 10, 2010) ("[W]hen a plaintiff amends her complaint after removal to add a diversity-destroying defendant, this Court will scrutinize the amendment pursuant to 28 U.S.C. § 1447(e).").

Section 1447(e) of Title 28 states:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

*Id.* Section 1447(e) is permissive and "clearly gives the district court the discretion to deny [or permit] joinder." *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). District courts in the Ninth Circuit often consider five factors when determining whether to allow joinder of a non-diverse defendant under 28 U.S.C. § 1447(e): (1)

whether the party sought to be joined is needed for just adjudication and would be joined under Fed. R. Civ. Pro. 19(a); (2) whether the statute of limitations would prevent the filing of a new action against the new defendant in state court; (3) whether there has been an unexplained delay in seeking to join the new defendant; (4) whether plaintiff seeks to join the new party solely to defeat federal jurisdiction; and (5) the strength of the claims against the new defendant. *Greer v. Lockheed Martin*, No. CV 10-1704 JF HRL, 2010 WL 3168408, at *4 (N.D. Cal. Aug. 10, 2010); *Chan v. Bucephalus Alternative Energy Group, LLC*, No. C08-04537, 2009 WL 1108744, at *3 (N.D. Cal. 2009) (citing *IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F.Supp.2d 1008, 1011 (N.D. Cal. 2000)).

**A.     Rule 19**

The first factor the court considers is whether the non-diverse party is needed for just adjudication of the plaintiff's claims and would be joined under Rule 19(a). *See Greer*, 2010 WL 3168408, at *4. A necessary party under Rule 19(a) is one "having an interest in the controversy, and who ought to be made [a] part[y], in order that the court may act on that rule which requires it to decide and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it." *CP Nat'l Corp. v. Bonneville Power Admin.*, 928 F.2d 905, 912 (9th Cir. 1991) (quoting *Shields v. Barrow*, 58 U.S. (17 How.) 130, 139 (1855)). Rule 19 is designed to prevent wasteful, unnecessary, and repetitive litigation. *Id.* "Although courts consider whether a party would meet [Rule] 19's standard for a necessary party, amendment under § 1447(e) is a less restrictive standard than for joinder under Rule 19." *IBC Aviation Servs.*, 125 F.

Supp. 2d at 1011-12 (citing *Trotman v. United Parcel Serv.*, No. C-96-1168-VRW, 1996 WL 428333, at *1 (N.D. Cal. 1996)). Thus, courts generally have held that the first factor "favors joinder and remand 'when failure to join will lead to separate and redundant actions,' but not when 'defendants are only tangentially related to the cause of action or would not prevent complete relief.'" *Chan*, 2009 WL 1108744, at *3 (quoting *Boon v. Allstate Ins. Co.*, 229 F.Supp.2d 1016, 1022 (C.D. Cal. 2002)); *see also IBC Aviation Servs.*, 125 F. Supp. 2d at 1011 ("This standard is met when failure to join will lead to separate and redundant actions.").

Ms. Farage argues that Mr. Meyer was her "immediate supervisor" and is "essential" to all of her claims. (MFR at 2.) She also argues that if the court denies joinder, she "will be forced to file [a] separate suit against Mr. Meyer in [s]tate court" and to "litigate . . . duplicate lawsuits" with the "possibility of inconsistent judgments." (*Id.* at 3.) USS argues that Ms. Farage need not sue Mr. Meyer in state court because she "can obtain full relief from USS is she proves any of her claims." (Resp. at 5.) However, unlike a federal claim for discrimination under Title VII, the Washington Supreme Court has stated that WLAD "by its very terms, contemplates individual supervisor liability." *Magden v. Easterday Farms*, No. 2:16-CV-00068-JLQ, 2017 WL 1731705, at *5 (E.D. Wash. May 3, 2017) (quoting *Brown v. Scott Paper Worldwide Co.*, 20 P.3d 921, 926 (Wash. 2001)). Moreover, the Court held that "enabling employees to sue individual supervisors who have discriminated against them is consistent with the broad public policy to eliminate all discrimination in employment." *Brown*, 20 P.3d at 928. Thus, Ms. Farage may allege WLAD claims against Mr. Meyer, her supervisor, that are related to

but distinct from her WLAD claims against USS, her employer. Accordingly, the court concludes that Mr. Meyer can be properly joined under Rule 19(a), and his joinder is necessary for the just adjudication of Ms. Farage's claims. Thus, the first factor supports amendment and remand.

**B.     Statute of Limitations**

Neither party argues that the statute of limitations either would or would not prevent the filing of a new action against Mr. Meyer in state court. Accordingly, the court does not consider this factor. *See Raifman*, No. C 11-02885 SBA, 2012 WL 1611030, at *5 (N.D. Cal. May 8, 2012) ("Not all factors must be considered.").

**C.     Timeliness of Amendment**

When determining whether to allow an amendment to add a non-diverse party, "courts consider whether the amendment was attempted in a timely fashion." *Chan*, 2009 WL 1108744, at *5 (finding timely an amendment occurring approximately seven weeks after the filing of the original complaint); *see also Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1083 (C.D. Cal. 1999) (finding timely an amendment occurring approximately six weeks after the filing of the original complaint); *Lara v. Bandit Indus., Inc.*, No. 2:12-cv-02459-MCE–AC, 2013 WL 1155523, at *3 (E.D. Cal. Mar. 19, 2013) (finding filing an amendment five months after the initial complaint and three months after removal was not untimely when the parties had not filed dispositive motions); *but see Lopez v. Gen. Motors Corp.*, 697 F.2d 1328, 1332 (9th Cir. 1983) (finding that it "was too late" to add a diversity-destroying defendant over six months after removal and just four days before a hearing was set on the motion for summary judgment). Here, Ms.

Farage filed her amended complaint approximately six weeks after she filed her original complaint, and she filed her motion for remand exactly eight weeks after her original complaint. (*See* FAC; Compl.; MFR.) Ms. Farage's delay in adding Mr. Meyer as a defendant is not unreasonable given the precedent within the circuit noted above. Thus, this factor supports allowing the amendment and remanding the action to state court.[2]

**D.   The Motive Behind Joinder**

In her motion, Ms. Farage admits that she did not realize that USS was going to remove. (MFR at 3.) On the basis of this statement, USS argues that the court should deny Ms. Farage's motion because her motive in adding Mr. Meyer as a defendant is to destroy diversity jurisdiction. (Resp. at 4 ("[Ms. Farage] admits that she did not think USS was going to remove. . . . That is the real reason she added Mr. Meyer."); *see also id.* at 5 ("[Ms. Farage] joined Mr. Meyer as a defendant after removal solely to defeat federal jurisdiction because she does not want to litigate in federal court.").)

"[T]he motive of a plaintiff in seeking the joinder of an additional defendant is relevant to a trial court's decision to grant the plaintiff leave to amend his original complaint." *Clinco*, 41 F. Supp. 2d at 1083 (quoting *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1376 (9th Cir. 1980)). However, "[s]uspicion of diversity destroying amendments is not as important now that § 1447(e) gives courts more

---

[2] The court notes that after filing her amended complaint and her motion for remand, Ms. Farage participated in drafting and filing a joint status report. (*See* JSR (Dkt. # 14).) Ms. Farage's participation in the filing of a joint status report is insufficient affirmative conduct in this litigation to waive her right to object to removal. *See Magill v. Wick Towing, Inc.*, No. C16-0348JLR, 2016 WL 3476449, at *2 (W.D. Wash. June 21, 2016).

flexibility in dealing with the addition of such defendants." *IBC Aviation*, 125 F. Supp. 2d at 1012 (citing *Trotman*, 1996 WL 428333, at *1). As discussed above, WLAD provides for individual supervisor liability. *See supra* § III.A (citing *Brown*, 20 P.3d at 926, 928). Thus, Ms. Farage's addition of Mr. Meyer as a defendant appears to be substantive, and the court declines to impute an improper motive to Ms. Farage simply because she states in her motion that she did not realize that USS intended to remove the action. The court concludes, therefore, that this factor is either neutral or weighs in favor of granting the amendment and remanding the action.

**E.    The Strength of Ms. Farage's Claim against Mr. Meyer**

"The existence of a facially legitimate claim against the putative defendant weighs in favor of permitting joinder under § 1447(e)." *Taylor v. Honeywell Corp.*, No. C 09-4947 SBA, 2010 WL 1881459, at *3 (N.D. Cal. May 10, 2010). As discussed above, WLAD contemplates individual supervisor liability. *See supra* § III.A (citing *Brown*, 20 P.3d at 926, 928). USS fails to demonstrate that Ms. Farage does not have "facially legitimate" claims against Mr. Meyer. This factor, therefore, weighs in favor of granting Ms. Farage's motion to amend her complaint and remand this action to state court.

In sum, one factor is inapplicable, one is either neutral or weighs in favor of granting Ms. Farage's motion, and the three remaining factors weigh in favor of granting Ms. Farage's motion. The court, therefore, concludes that it should exercise its discretion in favor of (1) permitting Ms. Farage to amend her complaint to add Mr. Meyer as a defendant and (2) remanding the action to state court. With the addition of Mr. Meyer as a defendant, the parties to this action are no longer completely diverse because both Ms.

Farage and Mr. Meyer are citizens of Washington State. Because jurisdiction no longer exists, the court grants Ms. Farage's motion to remand pursuant to 28 U.S.C. § 1447(e).

**F.      Attorney's Fees**

USS argues that if the court grants Ms. Farage's motion to remand, the court should also award USS the reasonable attorney's fees and costs that USS incurred in removing this action and opposing Ms. Farage's motion. (Resp. at 5-6.) The only authority USS cites in support of such an award is 28 U.S.C. § 1447(c). (*See id.*) Section 1447(c) permits district courts to assign "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal" against either party if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); *see also Micrometl Corp. v. Tranzact Techs., Inc.*, 656 F.3d 467, 470 (7th Cir. 2011) ("[W]e see no party-based limitation in § 1447(c) on a district court's discretion to award fees and costs"); *Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487, 490 n.2 (9th Cir. 1995) (concluding that 28 U.S.C. § 1447(c) authorizes an award of fees or costs against a plaintiff). The statute provides district courts with limited discretionary authority to assign payment in instances where "such an award is just." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 138 (2005).

The Ninth Circuit's decision in *Baddie* is instructive here. In *Baddie*, the plaintiffs filed their action, which included a claim subject to federal law, in state court, and consented to the defendants' removal to federal court. 64 F.3d at 489. Approximately one month later, the plaintiffs, after some further procedural tactics and "apparently quite desperate to avoid federal court," amended their complaint to effectively eliminate the

federal claim from their lawsuit. *Id*. (internal quotation omitted). The district court then granted plaintiffs' motion to remand but ordered plaintiffs to pay the defendants' attorney fees incurred in opposing plaintiffs' remand motion because of plaintiffs' "manipulative pleading practices." *Id.* (internal quotations omitted). "The district court reasoned that plaintiffs had been 'manipulative' because: 'If plaintiffs wished to avoid federal court, they should have dropped their federal claims before ever filing a complaint.'" *Id.* at 491. On appeal, the Ninth Circuit held in part that "it would be an abuse of discretion" for the district court to penalize plaintiffs who, "knowing that a state court forum is more important to them than their federal claims, nevertheless plead both state and federal claims in state court, with the intent to dismiss federal claims later to avoid federal court if the defendant removes." *Baddie*, 64 F.3d at 490 (footnote omitted). The Ninth Circuit explained that the plaintiffs' decision to dismiss their federal claims in favor of a state forum was not manipulative but a "straight-forward tactical decision," which they executed "with all due speed after removal." *Id.* at 491. Accordingly, the Ninth Circuit denied any fees award to the defendants under 28 U.S.C. § 1447(c).

Although *Baddie* involved the dismissal of federal causes of action rather than the addition of a non-diverse defendant, the court finds its rationale to be instructive here. Like the court in *Baddie*, this court declined to impute an improper motive to Ms. Farage with respect to her addition of a non-diverse defendant following removal *See supra* § III.D. Further, the court concluded that she timely moved to amend her complaint and seek remand. *See id.* § III.C. Like the *Baddie* court, this court does not believe that Ms. Farage engaged in conduct that 28 U.S.C. § 1447(c) was intended to discourage. *See*

*Baddie*, 64 F.3d at 491. Thus, the court concludes that an award of fees and costs under 28 U.S.C. § 1447(c) is unwarranted. Accordingly, the court denies USS's request for the attorney's fees and costs it incurred in removing the action and opposing Ms. Farage's motion to remand.

## IV. CONCLUSION

Based on the foregoing analysis, the court GRANTS Ms. Farage's leave to amend her complaint to add Mr. Meyer as a defendant (*see* FAC) and GRANTS Ms. Farage's motion for remand of this action to state court (Dkt. # 9). The court DENIES USS's request for attorney's fees and costs. Specifically, the court ORDERS that:

1. Pursuant to 28 U.S.C. §§ 1447(c), 1447(d), and 1447(e), all further proceedings in this case shall be REMANDED to Skagit County Superior Court in the state of Washington;

2. Pursuant to 28 U.S.C. § 1447(c), the Clerk of this court shall mail a certified copy of the order of remand to the Clerk of Skagit County Superior Court;

3. The Clerk of this court shall also transmit the record herein to the Clerk of Skagit County Superior Court;

4. The parties shall file nothing further in this matter and are instructed to seek any further relief to which they believe they are entitled from Skagit County Superior Court, as may be appropriate in due course; and

//

//

//

5. The Clerk shall CLOSE this case.

Dated this 17th day of August, 2018.

*[signature]*

JAMES L. ROBART
United States District Judge